UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE MCKINSTRY-AUSTIN,

        Plaintiff,                                    CIV. NO. 14-13069

        v.                                         HON. TERRENCE G. BERG

JPMORGAN CHASE BANK, N.A,
and COUNTRY HOME MORTGAGE, INC.

        Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS (DKT. 10)**

This is a consumer lending action in which Plaintiff Valerie McKinstry-Austin ("Plaintiff") seeks to set aside a completed sheriff's sale due to alleged improprieties during the foreclosure process. Plaintiff also raises claims concerning improperly "force-placed" hazard insurance on her home, 8150 East Robinwood, Detroit, Michigan 48234 (the "Property"). Plaintiff defaulted on her mortgage, and the Property was sold at a foreclosure sale; the redemption period expired before Plaintiff filed this lawsuit. Plaintiff alleges that Defendant JPMorgan Chase Bank, N.A. ("Chase") is liable for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Michigan Consumer Protection Act, breach of fiduciary duty, and she requests the completed sheriff's sale be set aside and title to the property quieted in her name.

Before the Court is Chase's motion to dismiss (Dkt. 10), in which it argues that: (1) Plaintiff's lender-placed insurance claims are barred by the doctrine of res judicata, by virtue of a class action settlement consummated in the Southern District of Florida; (2) Plaintiff lacks standing to bring any claims concerning the Property; (3) Chase did not breach any contract; (4) Michigan does not recognize an implied covenant of good faith and fair dealing; (5) the Michigan Consumer Protection Act is inapplicable to Chase; (6) Chase does not owe a fiduciary duty to Plaintiff; and (7) Plaintiff is not eligible to have title to the Property quieted in her name because she lacks any interest in the Property and a completed sheriff's sale may not be set aside absent a showing of fraud in the foreclosure process itself.

The Court has reviewed the parties' filings and finds that oral argument will not significantly aid the decision making process. Thus, pursuant to United States District Court E.D. Mich. LR 7.1(f)(2), no hearing will be held. For the reasons set forth below, Defendants' motion to dismiss (Dkt. 10) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

On or about January 25, 2001, Plaintiff executed a promissory note ("Note") evidencing a $60,000 loan ("Loan") she received from Defendant Country Home Mortgage, Inc. ("Country Home").[1] *See* Dkt. 7; Ex 1; Note. As security for payment under the Note, Plaintiff granted a mortgage ("Mortgage") on the Property. *See*

---

[1] Country Home was never served in this matter as they were acquired by Washington Mutual, which in turn, was purchased by Defendant Chase.

Dkt. 7; Ex 2; Mortgage. The Mortgage was recorded on February 21, 2001 in Liber 33254, Page 472, Wayne County Records. *Id*. On or about January 25, 2011, Country Home assigned the Mortgage to Homeside Lending, Inc. ("Homeside"). *See* Dkt. 7; Ex 3; Homeside Assignment. The Homeside Assignment was recorded on February 21, 2001 in Liber 3254, Page 484, Wayne County Record. *Id*. On June 28, 2012, the Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Washington Mutual Bank, FA successor in interest to Homeside Lending, Inc., assigned the Mortgage to Chase. *See* Dkt. 7; Ex 4; Chase Assignment. The Chase Assignment was recorded on July 17, 2012 in Liber 49954, Page 1850, Wayne County Records.

Plaintiff defaulted on the Mortgage by failing to make payments. Chase then commenced foreclosure proceedings. On February 28, 2013, a sheriff's sale ("Sheriff's Sale") was held where Chase purchased the Property for $56,664.01 and received a Sheriff's Deed ("Sheriff's Deed"). *See* Dkt. 7; Ex 5; Sheriff's Deed. The Sheriff's Deed was recorded on March 8, 2013 in Liber 50612, Page 710, Wayne County Records. Plaintiff failed to redeem the Property within the six-month statutory redemption period, which expired on August 28, 2013.

On or about March 29, 2013, Chase quit claimed the Property to Federal National Mortgage Association ("Fannie Mae"). *See* Dkt. 7; Ex 6; Quit Claim Deed. The Quit Claim Deed was recorded on April 12, 2013 in Liber 50704, Page 1272, Wayne County Records.

3

Plaintiff filed this case in the Wayne County Circuit Court on September 18, 2013 requesting that this Court set aside the Sheriff's Sale conducted on February 28, 2013 and quiet title in the name of Plaintiff. *See* Dkt. 1; Notice of Removal. Plaintiff alleges that there was an irregularity or fraud in the foreclosure process because Plaintiff states she did not receive actual notice of the adjourned date of the sheriff's sale. Plaintiff also seeks damages for her breach of contract claim, premised on allegations that Chase improperly force-placed hazard insurance on the Property, after Plaintiff's own insurance policy lapsed. *Id*. On July 18, 2014, Plaintiff filed an amended complaint ("Complaint"). Defendant Chase timely removed the Complaint to this Court on August 7, 2014. *Id*.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the Complaint in the light most favorable to the plaintiff. *See Eidson v. Tennessee Dep't of Children's Servs.* 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the Complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id*. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

To the extent that a plaintiff alleges fraudulent conduct on the part of the defendants, such allegations also must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See* Fed. R. Civ. Proc. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008) (internal quotation marks and citation omitted). At a minimum, the plaintiff must allege the time, place and contents of the misrepresentations upon which he or she relies. *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).

In ruling on a motion to dismiss, the Court primarily considers the allegations in the Complaint; although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed part of the pleadings). Where "the plaintiff fails to attach the written instrument upon which [s]he relies, the

5

defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner*, 108 F.3d at 89.

### III. ANALYSIS

#### A. Plaintiff's Claims Concerning Force-Placed Insurance are Barred By Res Judicata

The bulk of Plaintiff's Complaint concerns allegations that Chase improperly "force-placed" hazard insurance on the Property. However, Plaintiff's claims concerning forced-placed insurance are barred by res judicata because Plaintiff was a member of a class-action lawsuit settlement and is bound by the terms of that settlement.[2] Plaintiff alleges in the Complaint that she "took the steps to opt out of the class action settlement agreement." Dkt. 1, ¶44. However, the documents Plaintiff attached to her Complaint belie this claim and make clear she did not take the steps necessary to opt out of the class action settlement agreement. *See* Dkt. 1, Ex. B

---

[2] The practice of force-placing insurance was explained by the judge who presided over the class action, the Honorable Federico Moreno of the Southern District of Florida, in his order approving the class settlement, as follows: "Chase's standard mortgage agreement required borrowers to maintain hazard and wind insurance on the property that secured their mortgages loans. The agreements provided that the lender or servicer of the loan may force insurance coverage on the property at the homeowner's expense if there was a lapse in coverage. Under the mortgage, the lender may obtain coverage to protect itself against the risk of loss, and either advises the borrower that the cost of coverage may be significantly higher than the cost of voluntary coverage or provides that the lender may pay the necessary costs to protect itself from loss." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 688 (S.D. Fla. 2014).

The Order granting preliminary approval of the class action settlement, issued by Judge Moreno on October 4, 2013 in *Saccoccio v. JP Morgan Chase Bank*, provided as follows:

> Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than January 15, 2014, thirty (30) days before the Final Approval Hearing.

*See* Dkt. 10, Ex. 7, Order, ¶ 11. The settlement agreement covered all borrowers nationwide who had a hazard insurance policy force-placed on residential property by Chase. *See* Dkt. 10, Ex. 8, Order, ¶ II, Settlement Agreement. The settlement class included approximately 762,390 people. *Id*. Plaintiff does not dispute that she was covered by the settlement class.

To provide notice to class members, the Settlement Administrator, Garden City Group, ("Settlement Administrator") established a website in both English and Spanish, set up a 24/7 toll-free telephone number, mailed members settlement information, remailed notice packets to any class member for whom it received a change of address form from the U.S. postal service, and published notice in the November 14, 2013 print edition of *USA Today*. *Id*. In exchange for the relief provided in the settlement, class members released Chase and all other affiliated companies from all claims, obligations or damages that were or could have been sought in this litigation. *Id*. After the Settlement Administrator mailed 1.4 million notice packets to 762,390 class members, established a website and hotline, and

7

placed an advertisement in the *USA Today*, the *Saccoccio* Court found that notice "was reasonable under 23(e) and that the notice was the best practicable under Rule 23(c)(2)(B)." *Id*. The notice stated further:

> Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

*Saccoccio v. JP Morgan Chase Bank, N.A.*, No. 13-21107, 2013 WL 10847126, at *5 (S.D. Fla. Oct. 4, 2013). Judge Moreno approved the Final Class Action Settlement on February 28, 2014 and overruled any objections to the settlement. *See Saccoccio v. JP Morgan Chase Bank, N.A.,* 297 F.R.D. 683 (S.D. Fla. 2014).

Plaintiff argues that she is not bound by the class action settlement because she was not provided notice of *Saccoccio's* Final Class Action Settlement until after the January 15, 2014 opt-out deadline had passed. *See* Dkt. 12 at 8. Plaintiff states that had she received notice in a timely manner, she would have opted out of the Settlement Agreement. *Id*. This argument is not well-taken.

First, Plaintiff has not pointed to any evidence supporting her contention that she did not receive notice. Plaintiff simply states that she did not receive notice until mid-February 2014, and that she sent letters to three lead attorneys representing the *Saccoccio* plaintiffs on or about February 23, 2014, (after the opt-out deadline). *See* Dkt. 12, Ex. C. These allegations do not support Plaintiff's claim that Chase or the Settlement Administrator failed to fulfill Judge Moreno's Order's

8

requirement to provide the class with notice. Plaintiff fails to specify how Chase or the Settlement Administrator failed to fulfill the Order's notice requirements.

Second, even assuming Plaintiff did not receive timely notice of the class settlement, actual notice is not required in order for Plaintiff to be bound by the settlement. As one court explained:

> The fact that [the] [p]laintiffs did not receive actual notice of the settlement agreement, which included the requirements for excluding themselves from the class, does not dictate that the notice was insufficient or in violation of their due process rights. The district court approved the Mail Notice and the Publication Notice, and the class administrator acted accordingly. It cannot be said that the approved notice did not apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Therefore, [the] [p]laintiffs' claim that the notice was inadequate is unconvincing.

*Frost v. Household Realty Corp.*, 61 F. Supp. 3d 740, 745-46 (S.D. Ohio 2004) (internal quotation omitted).

Finally, this Court is an inappropriate forum to bring any claims concerning allegedly improper notice of the *Saccoccio* class action settlement. Instead, such claims should be presented to the Southern District of Florida, where the class action was adjudicated. The Final Order and Judgment notes that the Southern District of Florida "hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of the Final Order and Judgment, and for any other necessary purpose." Plaintiff's claims of improper notice relate directly to the administration and consummation of the class action settlement, and therefore belong before the *Saccoccio* court.

In sum, the Court concludes that Plaintiff is barred from filing an individual lawsuit against Chase concerning allegedly improperly force-placed insurance.

### B. Setting Aside the Foreclosure and Quieting Title

Plaintiff's remaining claim – to set aside the Sheriff's Sale and quiet title in her name – fails to state a legally cognizable claim as Plaintiff does not have "a legally protected interest" in the Property and has not stated with particularity the circumstances constituting fraud or mistake. Therefore, Plaintiff lacks standing to make any claims with respect to the Property. When a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a prima facie case of title to the property. *See Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550 (1999). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to establish superior right or title to the property. *Id*.

In Michigan, foreclosures by advertisement are governed by statute. *See Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013); *Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45, 50-53; 503 N.W.2d 639 (1993). Michigan law provides a mortgagor of residential property a period of six months from the date of a sheriff's sale to redeem the property. *See* Mich. Comp Laws § 600.3240(8). Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *See* Mich. Comp Laws § 600.3236. At that time, the mortgagor may undo the sale only by

demonstrating fraud or irregularity in the foreclosure proceedings. *See Overton v. Mortg. Elec. Registration Systems*, Case No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Ellison v. Wells Fargo Home Mortg., Inc.*, Case No. 09–14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010) (citing *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001).

Here, the redemption period expired on August 28, 2013. It is undisputed that Plaintiff did not redeem the Property during the redemption period. Plaintiff filed the initial complaint in this matter on September 23, 2013, two weeks after the redemption period expired. Therefore, Plaintiff lost standing to challenge the foreclosure, and her claims relating to the foreclosure process fail to state a claim as a matter of law.

Plaintiff argues in her response brief that she still has standing, as "she was never informed of the ACTUAL Sheriff's Sale date, and, thus, was never informed of when her statutory right of redemption expired." Dkt. 12, p. 10. The original date for the Sheriff's Sale October 11, 2012 was adjourned to February 28, 2013. Plaintiff alleges in the Complaint that she "received a letter from Defendants stating that the Sheriff's Sale had been adjourned, no future date, time, or location was provided" with the notice "as required by Michigan Foreclosure by Advertisement Statute, MCL § 600.3201." *See* Compl. at 17, ¶ 79, 80.

Plaintiff's argument that Defendant's failure to give her actual notice of the adjournment of the foreclosure sale confers standing on her finds no support in the foreclosure statute. The procedure for providing notices of adjournment is found in Mich. Comp. Laws § 600.3220 – not Mich. Comp. Laws § 600.3201 – as Plaintiff claims. Section 3201 merely states that foreclosure by advertisement is permitted upon default for mortgages that contain a power of sale. *See* Mich. Comp Laws § 600.3201. Section 3220, states the requirements for adjourning mortgage foreclosure sales as follows:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary. Mich. Comp Laws §600.3220.

This statute does not require borrowers be given actual notice of adjournments. Rather, notice is required to be posted "at the place where said sale is to be made[3]" and, if the adjournment is for more than one week, also notice must be published in the same newspaper in which it was originally published. If this procedure is duly

---

[3] The "place where the sale is to be made" is not the borrower's residence, but rather the circuit court in the county in which the property is located. Section 3216 of Mich. Comp Laws provides as follows:

> The sale shall be at public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder.

12

followed, the statute does not impose on the Sheriff or other person authorized to make the sale any obligation to make certain that the owner has received actual notice of the adjournment date. The record demonstrates that Defendants satisfied the requirements of the statute. Here, Plaintiff admits in her response to Defendants' motion to dismiss that Defendants posted the initial foreclosure notice (setting a Sheriff's Sale date of October 11, 2012) at the residence on September 11, 2012. *See* Dkt 12 at p. 6. After that, Defendants placed weekly notices in the newspaper in which the original notice was published. *See* Dkt. 10, Ex 2. Defendants produced, in their reply in support of the motion to dismiss, a weekly account of the advertisements placed in the Detroit Legal News within 10 days in which the sale was adjourned, thus satisfying the notice requirements. *See* Dkt. 14; Ex. 2. Plaintiff's argument that Defendants "never provided a new date for the Sheriff's Sale," fails to state a cognizable claim as Michigan law requires only that: (a) Defendants post the Notice of Adjournment "at the place where said sale is to be made," (b) that Defendants shall also publish in the newspaper in which the original notice was published, "within 10 days of the date from which the sale was adjourned," and (c) "thereafter once in each full secular week during the time for which such sale shall be adjourned." *See* Mich. Comp Laws § 600.3220. Plaintiff alleges that she did not receive actual notice, but she does not allege that Defendants failed to comply with the notice provisions required under Michigan law.

Furthermore, even accepting Plaintiff's account that she received no actual notice of the adjourned date of the sheriff's sale, this would not be a sufficient form of fraud or irregularity unless she also alleged that she was clearly prejudiced as a result of the lack of notice. In *Kim v. JP Morgan Chase, N.A.*, 493 Mich. 98, 115–16, 825 N.W.2d 329 (2012), the Michigan Supreme Court of Michigan held that in order to set aside a foreclosure for defects or irregularities in the foreclosure proceeding, a plaintiff must demonstrate "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Indeed, "a party who publishes an initial notice of adjournment may continue to adjourn a foreclosure sale from week to week without having to republish a notice of adjournment every week." *Id.* at 510–11, 825 N.W.2d 329. A review of the Complaint shows Plaintiff failed to allege that she was prejudiced by Defendant's alleged procedural notice defects or that she would have been in a better position to preserve her interest in the property absent Defendant's alleged failure to publish notice of adjournments. A defective notice of a foreclosure sale renders the sale voidable but not void, and the party challenging the sale must show prejudice. *Worthy*, 347 F.Supp.2d at 511. Plaintiff's allegations concerning allegedly defective notices of adjournment thus fail to state a claim upon which relief can be granted under Michigan case law. *See Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 510-11 (E.D. Mich. 2004) ("Under the law, a party who publishes an initial notice of adjournment may continue to adjourn a foreclosure sale from week to week without having to republish a notice of the

adjournment every week"); *Wheat v. Deutsche Bank Nat. Trust Co.*, 13-13715, 2014 WL 3778240, at *3 (E.D. Mich. July 31, 2014) (same).

Here, Plaintiff has failed to allege that a more effective notice of the sheriff's sale would have enabled her to preserve her interest in the property. It is undisputed that Plaintiff never tendered any money to redeem the Property during the redemption period. Plaintiff attempts to avoid her lack of standing to challenge the foreclosure by providing a Veteran's Benefits application to show the Plaintiff's potential intent to redeem the Property. "Plaintiff's husband is a Veteran of this country and, thus, is entitled to certain Veteran's Benefits … Plaintiff received notice of the default on August 7, 2012, her husband immediately began the process of redeeming his Veteran's Housing Benefits, which help Veterans who are experiencing economic hardships and in danger of losing their homes." *See* Pl. ['s] Resp. to Mot. to Dismiss at 10, ¶ D. However, Plaintiff did not actually attempt to redeem the Property during the redemption period, nor has she provided sufficient evidence to this Court of the ability to redeem the Property. An application by Plaintiff for Veteran's Housing Benefits is insufficient evidence to show an ability to redeem the Property as Plaintiff did not provide to this Court evidence of approval of the application. Unfortunately, this Court cannot assume the success of the application in favor of the Plaintiff. "If plaintiff desired to preserve his rights, a tender should have been made while the statutory period was still running, because thereafter the right to redeem became extinct and absolute title vested in the

mortgagee." *Strempek v. First Nat. Bank-Detroit*, 293 Mich. 435, 437, 292 N.W. 358, 359 (1940).

Finally, Plaintiff alleges that "Chase failed to securely post notice of Defendants' intent to foreclose conspicuously on the subject real property within 15 days after the publication of the notice, as required under MCL § 600.3208." *See* Compl. at 17, ¶ 81. This argument fails. Plaintiff stated in her Response to Defendant's Motion to Dismiss that "a notice was posted on Plaintiff's door giving Plaintiff notice that the Property would be sold at a Sheriff's Sale." *See* Pl. ['s] Resp. to Mot. to Dismiss at 10, ¶ B. Plaintiff has effectively acknowledged that she received the original foreclosure notice; the pleadings of both parties declaim as much and this issue is not in dispute. Because Plaintiff failed to redeem the Property before the redemption period expired, Plaintiff does not have "a legally protected interest" in the Property. Defendants became vested with "all right, title and interest" in the Property by operation of law. *See* Mich. Comp Laws § 600.3236. Plaintiff failed to allege facts to support a finding of "fraud or irregularity" in the foreclosure proceedings; therefore, the Plaintiff lacks standing in this matter and there is no basis for this Court to set aside the foreclosure sale or quiet title. Thus, Plaintiff's allegation that the foreclosure sale was invalid fails to state a claim upon which relief can be granted, and this claim must therefore be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 10) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 22, 2015, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>
Case Manager